ROMONE ALLEN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 599,2006.
Supreme Court of Delaware.
Submitted: March 26, 2007.
Decided: May 25, 2007.
Before HOLLAND, BERGER, and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 25th day of May 2007, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:
(1) The defendant-appellant, Romone Allen, filed this appeal from the Superior Court's order granting in part and denying in part his motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Allen's opening brief that the appeal is without merit. We agree and affirm.
(2) The record reflects that Allen pled guilty in March 2003 to six drug-related offenses that were charged under two separate indictments. The Superior Court immediately sentenced Allen to a total period of fifteen years at Level V incarceration, to be suspended after serving ten years for one year at Level IV Crest, to be suspended upon successful completion of Crest for decreasing levels of supervision. The sentence imposed reflected substantially the sentence recommended in Allen's plea agreement except that, instead of one year at Level IV Crest, the plea agreement recommended six months at Level IV Crest followed by six months at Level IV Home Confinement.
(3) Allen did not appeal, although he did file a motion for reduction of sentence in May 2003, which the Superior Court denied. In May 2006, Allen, acting pro se, filed a second motion for modification of sentence. Prior to the Superior Court's decision on the motion, counsel entered an appearance on Allen's behalf and requested the pro se motion be withdrawn. Thereafter, counsel filed a motion for modification of Allen's sentence. The motion requested that, given Allen's "significant strides in completing drug and education programs," the Superior Court's 2003 sentencing order be modified: (i) to remove the Level IV Crest Program requirement and substitute Level IV Home Confinement or Work Release; and (ii) to reduce the ten-year Level V incarceration period to five years, followed by a total period of three years at decreasing levels of supervision. The Superior Court granted the motion in part by substituting Level IV Home Confinement or Work Release for the Crest Program requirement. The motion was denied in all other respects. This appeal followed.
(4) While it is not entirely clear, Allen appears to argue in his pro se opening brief on appeal that his sentence should be modified because the State impermissibly recommended an "enhanced" sentence based on Allen's alleged failure to perform a promise that was not contained in the plea agreement. Allen also appears to argue that the State was required to establish on the record why it was recommending a sentence that was greater than the recommendation contained in a prior TASC evaluation. Neither of these issues was raised in the Superior Court in the first instance. Accordingly, this Court will not consider them for the first time on appeal.[1]
(5) After reviewing Allen's motion for modification of sentence and the Superior Court's judgment, we find no abuse of discretion in the Superior Court's denial of the reduction of Allen's Level V sentence based on his rehabilitative efforts. Although commendable, Allen's prison record is not sufficient to establish "extraordinary circumstances" under Superior Court Criminal Rule 35(b)[2] and thus excuse Allen's failure to comply with the 90-day limitations period of Rule 35(b).[3] The only other exception to the time limitation of Rule 35(b) is the procedure set forth DEL. CODE ANN. tit. 11, § 4217, which permits the Department of Correction to apply for an offender's sentence modification based on "exceptional rehabilitation." The Department of Correction has not submitted such an application. Accordingly, we find that the judgment below denying Allen's motion for sentence reduction should be affirmed.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Del. Supr. Ct. R. 8 (2007).
[2] Superior Court Criminal Rule 35(b) provides in part: "The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed....The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 Del. C. § 4217."
[3] See Ketchum v. State, 2002 WL 1290900 (Del. Supr.).