STATE of Delaware,

v.

Catherine W. CULP, Defendant.
ID No. 9807019438

Superior Court of Delaware,
In and for Kent County.

Submitted: February 17, 2016
Decided: April 18, 2016

**436**

Jason C. Cohee, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State.

William T. Deely, Esquire, Public Defender's Office, Dover, Delaware for the Defendant.

## OPINION

Young, J.

This Order responds to Defendant Culp's Motion for Review of Sentence, which was filed pursuant to Superior Court Criminal Rule 35(b). That Rule indicates that a motion for reduction of a sentence made more than 90 days after the imposition of the sentence (which this Motion certainly is) may be considered only in "extraordinary circumstances." It is on a presentation of circumstances, which Culp asserts are extraordinary, that she bases her request.

The State has suggested that Rule 35(b) extraordinary circumstances implies the presence of a dire medical issue. Several cases do exist where such drastic medical conditions, not being adequately provided for in incarceration, do constitute Rule 35(b) extraordinary circumstances.[1] However, the Rule itself does not so limit "extraordinary." Absent any statutory definition, ordinary language usage must apply. To that effect, "extraordinary" must be taken to mean exceptional in character; remarkable." It is to be bourne in mind that the context of any such consideration is the criminal justice system of Delaware, where sentences in effect for more than 90 days are certainly presumed to be beyond disturbing. Cases, which will be addressed, have made clear that few applications claiming extraordinary circumstances will be considered, upon analysis, to be extraordinary for purposes of sentence modification after 90 days have elapsed. Nevertheless, Rule 35(b) specifically provides that, when circumstances are indeed extraordinary in the context above mentioned, then sentence modification may be considered. Our Supreme Court has in *State v. Lewis*[2] acknowledged that such may be appropriate.

The State has referred to several cases of significant circumstances where a Rule 35(b) motion was denied, which denial was affirmed. A starting point may be *Allen v. State*.[3] In that case, Allen asserted that certain deviations among plea promises, plea agreement terms and actuality of sentence should engender a sentence modification. The State, the Superior Court and the Supreme Court determined otherwise. The facts of that case have little bearing on Culp's case.

---

1. See, for example, *State v. DeRoche*, 2003 WL 22293654, 2003 Del.Super. LEXIS 489 (Del.Super.).

2. 797 A.2d 1198 (Del.2001).

3. 2007 WL 1519030 (Del. May 25, 2007).

Nevertheless, some language does. The Supreme Court, in affirming the Trial Court decision, stated that: "Allen's prison record is not sufficient to establish 'extraordinary circumstances' under Superior Court Criminal Court Rule 35(b) ..." The Court certainly did not preclude a prison record's establishing extraordinary circumstances. The fair reading is quite to the contrary. Allen's record was (probably woefully) not enough, but the process and the possibility exist.

*Upshur v. State,*[4] cited by the State, stresses the many, many different efforts Upshur made to attack his sentence including multiple Supreme Court appeals. Very little is said, in simply affirming the Trial Court, other than that "all the [unspecified] positive things that Upshur has done since his incarceration ..." did not "establish extraordinary circumstances." Thus, *Upshur* does not provide guidance to Culp.

*Ketchum v. State,*[5] again, affirmed a Superior Court denial of a Motion for reduction. Here, Ketchum showed that he had "availed himself of numerous educational and treatment programs, including completion of the Key Program. The Supreme Court, finding no abuse of discretion by the Superior Court in its denial of Ketchum's motion, was not swayed to reverse the Trial Court's determination that extraordinary circumstances had not been shown.

*Shockley v. State*[6] is a case where the Appellant, having failed to mention it at the sentencing court motion level, asserted that he had Hepatitis C, which was not being properly treated in prison. The Supreme Court refused to consider that new-

ly raised issue, and affirmed the Trial Court, finding no abuse of discretion.

Finally, in *Triplett v. State,*[7] Triplett evidently argued that his successful completion of the sentence-ordered Greentree Program satisfied the stringent requirements of a Rule 35(b), post 90 day, situation. The Supreme Court noted that the Superior Court had correctly denied Triplett's Motion.

If the singular purpose of a sentence were to punish, perhaps no legitimate discussion would exist. Noting that the place of Culp's incarceration is Baylor Women's *Correctional* Institution, and that Rule 35(b) exists at all, the inevitable conclusion is that rehabilitation is at least one aspect of the Delaware penal system.

Accordingly, we look to Culp's incarceration period. The State asserts that the family of the victim of Culp's killing "wants to see her serve the full sentence." That is certainly understandable. Nevertheless, Culp's progress during the about-to-be 18 years since her initial incarceration, most of which are documented, and are enclosed with her motion, is extensive. The areas of progress include mental health, work skills and educational. The documentation demonstrating much of it is attached to this Order, and incorporated by reference.

The ultimate effect of Culp's tremendously ambitious efforts is that she has not only exposed herself to, but excelled in the acquisition of, skills that will make her a particular benefit to the community upon her reintegration. These manifest endeavors far exceed an inmate's "doing what was required" or "filling up the time."

She has achieved an Associates of Applied Science Degree in Marketing from

---

4.  2006 WL 212199 (Del. Jan. 27, 2006).

5.  2002 WL 1290900 (Del. June 6, 2002).

6.  2007 WL 2229022 (Del. Aug. 2, 2007).

7.  2008 WL 802284 (Del. Mar. 27, 2008).

Ashworth College in Atlanta, Georgia, graduating with Honors and a 3.15 GPA. That is just the culmination of her academic pursuits. Through many courses—several of 400 hour duration—she has qualified herself to teach (and has taught) a variety of courses to other inmates. These have included G.E.D. classes, Thresholds, many Drug education classes, and much more, as the attachments demonstrate. For 11 years she has been an Educational Tutor at Baylor, whose performance has been described as "exemplary." Indeed, she has trained other tutors. Letters of high praise from a variety of sources are replete through the materials.

In an outside world of rapidly changing technologically, Culp has prepared herself for reasonably smooth transition by completing a great many computer courses, even achieving a State of Delaware Computer Operator certificate.

On a less specific, but significant, level of transition into a "normal living" and community beneficial capacity, she has attained abilities in Spanish, culinary arts, diverse aspects of Women's Health, public speaking, dancing and floral design. These pursuits will help normalize Culp's transition into the community, and heighten her benefit to that community.

She has expressed, in a variety of forms, great remorse for the actions causing her conviction. Not only do those expressions project with sincerity, they are founded upon significant religious courses, activities and projects which Culp has pursued throughout her incarceration. Unsolicited letters from religious leaders endorse that.

Critical to order in a penal institution is the presence of hope for inmates to perceive through their periods of imprisonment. It is difficult to imagine a better beacon for others than the example that Culp has provided through her extensive time, and consequently the justice system's acknowledgement of that.

This Court finds, as a matter of fact, that Culp has demonstrated beyond cavil extraordinary circumstances, in the clearest manner that Rule 35(b) could conceive, for a reduction of her sentence.

Accordingly, in IK98–08–0027, the sentence is modified as follows: 20 years at supervision Level V, suspended after 12 years, 10 years of which is a mandatory term, effective July 29, 1998; in IK98–08–0028: 8 years at supervision Level V, suspended after 5 years, 3 years of which is a mandatory term, followed by 2 years at Level III supervision.

The Level III probation may be transferred to Florida if Culp provides for the Interstate transfer.

To the extent above described, Defendant Culp's Motion is GRANTED.

SO ORDERED this 18th day of April, 2016.

